# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 17, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| BARBARA WELLEN, | * | |
| | * | No. 17-767V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; |
| AND HUMAN SERVICES | * | Influenza ("Flu"); SIRVA |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Alison H. Haskins, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On June 9, 2017, Barbara Wellen ("petitioner") filed petition for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 5, 2015.  *Id.* at ¶¶ 1-6.  Petitioner filed medical records and an expert report from Dr. Domenick Sisto.  (ECF Nos. 8-9, 27, 29).  Respondent filed a Rule 4(c) report on February 26, 2018 recommending that entitlement to compensation to be denied as petitioner did not establish a Table injury[3] as she had a history of left shoulder pain, bursitis/tendonitis, osteoarthritis, and impingement syndrome.  Respondent's

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3] A "Table" injury is an injury listed on the Vaccine Injury Table within 42 U.S.C. § 100.3 corresponding to specific vaccinations and time-frames.

("Resp.") Report (ECF No. 21) at 7. Respondent filed an expert report from Dr. David Ring on October 10, 2018. (ECF No. 31).

This case was initially assigned to the Special Processing Unit ("SPU") on June 12, 2017. This case was re-assigned to my docket on March 5, 2018. I held an initial status conference on April 5, 2018. During the status conference, I observed that petitioner had a significant history of left shoulder bursitis/tendonitis, and impingement syndrome. *See* Order (ECF No. 24).

I observed that petitioner presented to Dr. Gillespy, an orthopedic surgeon, on August 18, 2015 for left shoulder pain and range of motion concerns. Pet. Ex. 5 at 16. Petitioner was diagnosed with problems of left shoulder bursitis/tendonitis, osteoarthritis, and impingement syndrome. *Id.* Fourteen days after vaccination, petitioner presented to urgent care for left shoulder pain. Pet. Ex. 7 at 5-8. Petitioner underwent surgery for left-shoulder rotator cuff tendon repair on May 16, 2016. Pet. Ex. 4 at 46. During the status conference, petitioner's counsel argued that the flu vaccine could have significantly aggravated her underlying shoulder condition, causing a full rotator cuff tear. *See* Order (ECF No. 24). Counsel stated that there was no evidence petitioner had a rotator cuff tear prior to the vaccination and that her shoulder symptoms never required surgical intervention, as it did post-vaccination. *Id.* at 2. While I agreed with counsel that the medical records do not mention any damage to her supraspinatus tendon, I indicated that petitioner would need to differentiate her previous left shoulder pain and other symptoms from the pain and symptoms she experienced post-vaccination. *Id.*

A Rule 5 Status Conference was held on November 28, 2018. I reiterated that petitioner presented with a follow-up for left shoulder bursitis/tendonitis, osteoarthritis, and impingement syndrome less than two months prior to vaccination. Pet. Ex. 5 at 16. I also discussed the expert reports filed by the parties. Petitioner filed a report from Dr. Domenick Sisto, an orthopedist. (ECF No. 29). Respondent filed a report from Dr. David Ring, an orthopedic surgeon. (ECF No. 31).

Dr. Sisto opined that the vaccination injection needle caused stiffness in her shoulder and is "secondary to a post-injection syndrome in the form of fibrosis and stiffness in the deltoid muscle, as well as irritation to the axillary nerve." Pet. Ex. 15 at 22. I agreed with Dr. Ring's statement in his report that there was no such diagnosis or evidence of a nerve injury in petitioner's medical records. Resp. Ex. A at 4. Dr. Ring further opined that petitioner's rotator cuff tendinopathy is a normal aspect of aging that was diagnosed pre-vaccination. Resp. Ex. A. at 2-4. I discussed that petitioner had osteoarthritis and it was likely that petitioner's injury was a result of her long-term shoulder condition that worsened over time. *See* Rule 5 Scheduling Order (ECF No. 34).

I stated that it did not appear likely that petitioner's shoulder issues post-vaccination were caused by the vaccine, but were rather a result of her long-term shoulder condition that worsened overtime. Rule 5 Order (ECF No. 34). Further, I observed that this is a minimal damage case and that at best, there may have been some stimulation of petitioner's underlying shoulder condition, however, petitioner may even have difficulty distinguishing between pre- and post-vaccination symptoms as required by *Loving v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 135, 144 (2009). I instructed petitioner's counsel to transmit a modest demand to respondent and to discuss the difficulty of the case with petitioner and relay my preliminary view of the records

and expert reports in her case. *Id.* After reviewing petitioner's demand, respondent filed a status report stating that he was not interested in pursuing settlement in the case. Status Report (ECF No. 39).

On June 13, 2019, petitioner filed the motion to dismiss her claim, stating that she has filed all evidence related to this case, does not intend on filing further evidence, and requests a decision denying compensation. Pet. Mot. For Voluntary Dismissal (ECF No. 45). This motion represents a motion for voluntary dismissal pursuant to Vaccine Rule 21(a).[4]

A petitioner can establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that she suffered a Table injury i.e. that she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-13(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in petitioner. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory of causation; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

To prevail on entitlement, petitioner must prove a Table injury or that the vaccination caused her SIRVA in fact. In this case, petitioner does not prove she suffered a Table injury. Respondent notes that petitioner had a history of left shoulder pain preventing petitioner from claiming a Table injury. Resp. Report at 7. Additionally, respondent's counsel stated that there was no onset of pain within 48 hours which I noted as an inconclusive, but well-taken point. *See* Order (ECF No. 24).

Under the Vaccine Act, petitioner cannot be awarded compensation solely based on petitioner's claims. Petitioner must support her case of the vaccination being the cause-in-fact of her SRIVA with either medical records or the opinion of a competent physician. § 300aa-13(a)(1).

Petitioner's medical history of her left shoulder does not support causation. As discussed above, petitioner has a history of left shoulder bursitis/tendonitis and osteoarthritis and her injury appears consistent with her long-standing conditions.

In this case, there is insufficient evidence in the record for petitioner to meet her burden of causation under the Vaccine Act or *Althen* or *Loving*. Petitioner's claim therefore cannot succeed and in accordance with her motion, must be dismissed for insufficient proof.

**Therefore, this case is dismissed for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

---

[4] As authorized under §§ 300aa-12(d)(2) of the Vaccine Act and on the recommendation of the special masters, the Court of Federal Claims has promulgated Vaccine Rules that govern petitions under the Act.

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

s/Thomas L. Gowen

Thomas L. Gowen
Special Master